UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

WORLDWIDE AIRCRAFT SERVICES,
INC.,

     Petitioner,

v.

                                  CASE NO. 8:25-cv-01225-SDM-SPH

UNITED HEALTHCARE,

     Respondent.

_____/

## **ORDER**

In 2024, Worldwide Aircraft Services, Inc., requested Independent Dispute Resolution (IDR) under the No Surprises Act and obtained an award of $21,572.25 against United Healthcare. (Doc. 1-2). 42 U.S.C. §§ 300gg-111(c)(2)(A), 300gg-112(b)(1)(B). The petitioner moves (Doc. 1) to confirm the award against the respondent, who moves (Doc. 16) to dismiss the petition for lack of subject-matter jurisdiction. No response appears.

An earlier action brought by the same petitioner against the same respondent and requesting confirmation of an IDR award granted under the same statute was dismissed for lack of subject-matter jurisdiction. *Worldwide Aircraft Servs., Inc. v. United Healthcare*, No. 8:24-CV-2527-TPB-LSG, 2025 WL 3312169 (M.D. Fla. Nov. 28, 2025). Another action brought by the same petitioner against a different insurance company was dismissed for the same

reason. *Worldwide Aircraft Servs., Inc. v. United Healthcare*, No. 8:25-cv-01158-WFJ-AEP, 2025 WL 3551397 (M.D. Fla. Dec. 11, 2025).

The motion to dismiss is **GRANTED** and the action is **DISMISSED WITH PREJUDICE** because, as held in the other two actions, "the NSA's IDR provisions do not give rise to a federal cause of action and . . . IDR awards are not enforceable under the FAA." *Worldwide*, 2025 WL 3312169, at *2. The petitioner cites no fact distinguishing the present action and cites no authority challenging the earlier holdings. Accordingly, no later than **FEBRUARY 27, 2026**, in a paper no longer than seven pages, the plaintiff must **SHOW CAUSE** why a sanction should not issue under Rule 11(c)(3), Federal Rules of Civil Procedure, for presenting a claim not "warranted by existing law or by a nonfrivolous argument for extending, modifying, or reversing existing law or for establishing new law." Rule 11(b)(2), Federal Rules of Civil Procedure. The clerk must **ADMINISTRATIVELY CLOSE** the case.

**ORDERED** in Tampa, Florida, on February 13, 2026.

STEVEN D. MERRYDAY
UNITED STATES DISTRICT JUDGE

- 2 -